04-2017

UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| Don E. Kindler,<br>    Appellant,<br><br>v.<br><br>Litton Loan Servicing, L.P.,<br>    Appellee. | §<br>§<br>§<br>§   C.A. No. 06-cv-293<br>§<br>§<br>§<br>§ |

## OPINION AND ORDER ON APPEAL

Appellant appeals a Final Judgment and Findings of Fact and Conclusions of Law entered in an adversary proceeding related to his Chap. XIII bankruptcy case. The Court heard oral argument on this appeal on November 20, 2006. Because appellant complied with the plain meaning of the agreed order, the Bankruptcy Court's determination that the automatic stay had terminated is REVERSED.

*Standard of Review*

In reviewing bankruptcy decisions, the Court uses the same standard of review generally applied by a federal court of appeals. *In re Webb*, 954F.2d 1102, 1104 (5th Cir. 1992). The Court conducts a de novo review of the Bankruptcy Court's conclusions of law, and applies a clearly erroneous standard of review to the Bankruptcy Court's findings of fact. *Id; In re Cook*, 169 F.3d 271, 274 (5th Cir. 1999). Under the clearly erroneous standard, the reviewing court must defer to the Bankruptcy Court's findings of fact unless it is left with the definite and firm conviction that a mistake has been made. FED. R. BANK. P. 8013; *In re Cajun Elec. Power Coop.*, 150 F.3d. 503, 513 (5th Cir. 1998).

TRUE COPY I CERTIFY
ATTEST: 11-22-06
MICHAEL N. MILBY, Clerk of Court
By _____
Deputy Clerk

*Summary of the Facts*

Appellant Kindler filed for Chap. XIII bankruptcy on November 6, 2000. At that time he was in default on his home mortgage loan with Appellee Litton. During the bankruptcy proceedings, appellee filed a motion to lift the stay. After negotiation, the parties entered into an "Agreed Order Conditioning Automatic Stay," whereby appellant would cure specific post-petition arrears, and the stay would remain in effect, preventing foreclosure. The agreed order was filed June 18, 2001.

In February 2002, appellee sent appellant a notice of default and intent to accelerate pursuant to the agreed order. Appellant filed a claim for determination of the stay and for damages. After an eventual bench trial, the bankruptcy court found that appellant had defaulted under the terms of the agreed order, that the stay had been lifted pursuant to paragraph nine of the agreed order, and on June 25, 2006, rendered judgment that appellant take nothing.

Appellant argues on appeal that the bankruptcy judge, as a matter of law, improperly considered parol evidence when interpreting the agreed order. Alternatively, appellant challenges the bankruptcy judge's factual finding of non-compliance as clearly erroneous.

*Construction of the Agreed Order*

The scope of the order, and the exact months of arrearage it required the debtor (appellant) to cure, are the crux of the parties' dispute. Paragraph three, entitled "Additional Payments," provided that debtor would cure post-petition arrears, late charges, and attorney

fees, in the total amount of $5,584.17.[1] The agreed order further provided that "said amount consist[ed] of post-petition payments for the months of February 01, 2001 through June 01, 2001." After the application of a credit in the amount of $950.71, the precise terms of the agreed order required the appellant to pay the remaining balance of $4,633.46.

The record shows that appellant paid the appellee $4,768.21 between February 6, 2001, and June 13, 2001.[2] However, because the appellant had not made post-petition payments for the months of December 2000 and January 2001, appellee applied the February 2001 and March 2001 payments (check numbers 652 and 683) to this earlier arrearage. While this was permissible by the terms of the bank note, the agreed order made no mention of these earlier arrears. Although appellant fulfilled the literal terms of the agreed order, the bankruptcy judge, considering the entire record, construed the agreed order so as to allow appellant to apply check numbers 652 and 683 to the December 2000 and January 2001 arrears, and found that appellant had defaulted under the conditions of the agreed order.

Several courts have held that an agreed order in a bankruptcy proceeding should be interpreted according to traditional contract principles. *In re Thornburg*, 277 B.R. 719, 726 (E.D. Tex. 2002) (stating that "[a]n Agreed Order is a contract and its interpretation is

---

1. The order itself states the amount as "$55584.17" At oral argument, the parties stipulated that this was a clerical error, and that the figure should have been stated as $5,584.17.

2. Appellee cashed the following checks paid by appellant: check number 652 in the amount of $964.21 cleared on February 6, 2001; check number 683 in the amount of $941.00 cleared on March 3, 2001; check number 720 in the amount of $925.00 cleared on April 30, 2001; check number 544 in the amount of $969.00 dated May 28, 2001; and check 561 in the amount of $969.00 dated June 13, 2001. Kindler Trial Exhibits, DK 072–100.

3

governed by basic rules of contract construction"); *See also Boatman v. Sullivan*, 1990 WL 146699 (N.D. Ill. Oct.1, 1990); *In re 360 Inns. Ltd.*, 76 B.R. 573, 578 (Bankr. N.D. Tex. 1987); *In re Delaney's II, Inc.*, 1991 WL 337625, *2 (N.D. Ill. June 12, 1991); *In re El Paso Refinery, L.P.*, 244 B.R. 613, 622 (Bankr. W.D. Tex. 2000).

The primary concern of courts in construing contracts is to ascertain and give effect to the intentions of the parties as expressed in the instrument. *In re McKinney*, 167 S.W.3d 833, 835 (Tex. 2005). When interpreting an unambiguous contract, courts must ascertain the intentions of the parties as expressed in the instrument and enforce the contract as written. *Id*; *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 860 (Tex. 2005); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 213 (1981).

Because there was no ambiguity or other justification to go beyond the plain meaning of the agreed order, its literal terms should have been given effect. The Bankruptcy Court's factual finding that appellant had not complied with the terms of the order is clearly erroneous. FED. R. BANK. P. 8013; *In re Cajun Elec. Power Coop.*, 150 F.3d. at 513. The Bankruptcy Court's judgment that the automatic stay had terminated is REVERSED.

Ordered this 22nd day of November, 2006.

*[signature]*
HAYDEN HEAD
CHIEF JUDGE